Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email:  drew@crowell-law.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC.**, <br><br>       Plaintiff, <br> v. <br><br> **DOE-73.11.30.186,** <br><br>       Defendant. | Case No.:  3:15-cv-01042-AC (Lead Case) <br><br> PLAINTIFF'S AMENDED MOTION TO PERMIT ALTERNATIVE OR MAIL FRCP 45 SERVICE ON NON-PARTY; EXHIBITS 1 & 2. |
| **DALLAS BUYERS CLUB, LLC.**, <br><br>       Plaintiff, <br> v. <br><br> **DOE-73.25.103.153,** <br><br>       Defendant. | Case No.:  3:15-cv-01043-AC (Trailing case) <br><br> PLAINTIFF'S AMENDED MOTION TO PERMIT ALTERNATIVE OR MAIL FRCP 45 SERVICE ON NON-PARTY; EXHIBITS 1 & 2. |

LR 7-1 Conferral

The identity of the defendant is unknown.  The subscriber in this matter is non-responsive

and appears to be avoiding service, necessitating this motion.

**PLAINTIFF'S AMENDED MOTION TO PERMIT ALTERNATIVE OR MAIL**

**FRCP 45 SERVICE ON NON-PARTY**

Pursuant to the Court's Order (Dkt. 18), plaintiff hereby submits this Amended Motion to

Permit Alternative or Mail FRCP 45 Service on Non-Party.  Having been granted leave to issue a

subpoena to the subject non-party subscriber in this matter, (Dkt. 6) and after good faith attempts

at personal service, plaintiff now moves the Court for an order permitting plaintiff to effect

service of its FRCP 45 subpoena by U.S. Mail, delivery confirmation, or such other manner as

the Court deems proper to provide delivery and notice.  A proposed subpoena is filed herewith as

Exhibit 1.

This motion is supported by the co-filed declaration of counsel.

**MEMORANDUM**

**I.  Background**

In accord with the Order of this Court (Dkt. 6) plaintiff has subpoenaed Internet Service

Provider ("ISP") Comcast, which has successfully identified a singular subscriber assigned the

IP address used by the Doe defendant.  Letters were dispatched to the identified subscriber, but

there has been no response.  Decl. Counsel, ¶ 3.  Plaintiff then sought and was granted leave to

issue an FRCP 45 subpoena to the subject subscriber.  Dkts. 9, 11.

Service of the FRCP 45 subpoena on the subscriber was unsuccessful.  A report from

plaintiff's service agent reads:

> 9/27/15 at 2:56 pm:  I spoke with Tine, a resident of 3 months, who said that she does not
> know who defendant is and receives no mail for him.

Decl. Counsel ¶ 4.

Plaintiff then ordered a postal search, which was returned marked: "Deliverable as

address; No change of address order on file."  Decl. Counsel ¶ 5, 6.  Plaintiff subsequently

ordered a skip trace search, the results of which indicate that the address at which plaintiff's

process servers attempted service and that Comcast identified as the subscriber's address, is

current for the subscriber up through November 30, 2015.  Decl. Counsel ¶ 7, Exhibit 2.   The

skip trace search also revealed multiple potential phone numbers for the subscriber, one of which

an individual answered but refused to confirm his identity and hung up when plaintiff's counsel

explained the nature of the call.  A subsequent phone call from plaintiff's counsel was not

answered and a message was left for the subscriber.  Decl. Counsel ¶ 8.

Plaintiff has sent several mailings to this address, including: a copy of Plaintiff Motion to

Consolidate Cases (Dkt. 8.) an initial letter dated August 26, 2015, a follow up letter dated

September 2, 2015, and a copy of Plaintiff's Motion for Leave to Issue an FRCP 45 Subpoena.

Dkt. 10.  None of plaintiff's mailings have ever been returned and there has been no indication

that the address is not valid. Decl. Counsel ¶ 9.

With clear notice of this issue to the subscriber in the initial notice by Comcast, the

multiple letters and service through mail of plaintiff's prior motions (Dkt. 8, 10), and phone call

by plaintiff's counsel, it is clear that the subject subscriber is now actively evading service of

plaintiff's FRCP 45 subpoena.

As such, plaintiff now requests leave to serve the subject FRCP 45 subpoena, in the form

filed as Exhibit 1, by U.S. Mail, delivery confirmation, or other means as directed by the court to

effect notice and delivery for service.

## II.  FRCP 45 Service Standards

Service standards for FRCP 45 are somewhat vague.  ("Serving a subpoena requires

delivering a copy to the named person…"  FRCP 45 (b)(1)) Though often interpreted as

requiring personal and direct delivery, at least one court in this District has noted in passing that

personal service is not required by FRCP 45 and that use of a service such as Federal Express may be proper. *NxSystems, Inc. v. Monterey Cnty. Bank*, 12-cv-00905-ST (D. Or., Sept. 17, 2012), *citing Western Resources, Inc. v. Union Pacific R.R. Co.,* No. 00-cv-20430-CM, (D Kan July 23, 2002); *see also Green v. Baca,* 02-cv-20474,(CD Cal Jan. 31, 2005) (agreeing that FRCP 45 is not limited to personal service).   The 7th Circuit has ruled expressly on this point and allows service by U.S. Mail.  *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir., 2012)("An agent of the postal service surely qualifies as a 'person at least 18 years of age and not a party.'").  *Note Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005) (denying motion to quash FRCP 45 subpoena served by mail but and discussing split of authority, including *Chima v. U.S. Department of Defense,* 23 Fed. Appx. 721 (9th Cir. 2001) (unpublished opinion refusing to compel when service was by mail.)).

////

////

To the extent this issue has been analyzed there is a split in authority with apparent balancing factors being the equities of the parties and the specifics and circumstances for each case.  While plaintiff does not maintain that an FRCP 45 subpoena is always properly served by U.S. Mail or Federal Express, plaintiff moves the Court to follow the guidance of *Dallas Buyers Club, LLC v. Doe*, 6:15-cv-00221-AC (D. Or., May 22, 2015) and *NxSystems, Inc. v. Monterey Cnty. Bank*, 12-cv-00905-ST (D. Or., Sept. 17, 2012) and other courts and find that where reasonable efforts to effect personal service have been made and there are indicia that the party to be served is evading service, such as in this case, that service of an FRCP 45 subpoena by U.S. Mail with delivery confirmation shall constitute "delivering a copy to the named person" in accordance with FRCP 45.

DATED: December 3, 2015.              Respectfully submitted,

                                      CROWELL LAW

                                      *s/ Drew P. Taylor*

                                      Carl D. Crowell, OSB No. 982049
                                      email:  carl@crowell-law.com
                                      Drew P. Taylor, OSB No. 135974
                                      email: drew@crowell-law.com
                                      (503) 581-1240
                                      Of attorneys for the plaintiff