IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DALLAS BUYERS CLUB, LLC.**,

    Plaintiff,

v.

**KLAYTON ANDERSON**,

    Defendant.

Case No. 3:15-cv-1042-AC (Lead)
          3:15-cv-1043-AC (Associated)

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Dallas Buyers Club, LLC ("DBC") brings this action against Defendant Klayton Anderson. DBC alleges that Defendant copied and distributed DBC's motion picture *Dallas Buyers Club* ("*DBC Movie*") through a public BitTorrent network in violation of DBC's exclusive rights under the Copyright Act. Before the Court is DBC's motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). ECF 44. For the following reasons, the Court grants in part DBC's motion, and will enter a default judgment against Defendant in the amount of $750, along with injunctive relief.

## STANDARDS

    Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or

PAGE 1 – OPINION AND ORDER

otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of

PAGE 2 – OPINION AND ORDER

> prejudice to the plaintiff, (2) the merits of plaintiff's substantive
> claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action, (5) the possibility of a dispute concerning
> material facts, (6) whether the default was due to excusable
> neglect, and (7) the strong policy underlying the Federal Rules of
> Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Beginning in 2014, counsel for Plaintiff has filed hundreds of cases in this District asserting that Doe defendants, originally identified only by their Internet Protocol ("IP") addresses, violated the Copyright Act by downloading movies on the internet using a peer-to-peer BitTorrent file sharing protocol. On June 11, 2015, DBC filed its complaint in these consolidated cases this case, identifying Defendant only by his IP addresses as a person who illegally downloaded the *DBC Movie* using the BitTorrent network. After the Court granted DBC's motion to subpoena Defendant's internet service provider, DBC identified Defendant as the subscriber associated with two infringing IP addresses.

Plaintiff's counsel mailed letters to Defendant addressing his alleged copyright and infringement but Defendant did not respond. Plaintiff attempted to serve Defendant with a subpoena under Federal Rule of Civil Procedure 45, but was unable to effectuate personal service. Accordingly, the Court permitted Plaintiff to serve Defendant with the Rule 45 subpoena via U.S. mail to Defendant's last known address, with delivery confirmation. Defendant failed to show up for his scheduled deposition or otherwise respond to the Rule 45 subpoena.

On February 23, 2016, Plaintiff filed its Amended Complaint in these consolidated actions, naming Mr. Anderson as the defendant. Mr. Anderson was served with a summons and

PAGE 3 – OPINION AND ORDER

the Amended Complaint via substitute service. Defendant did not respond to the Amended Complaint and on May 23, 2016, the Court entered an order of default against Defendant.

On June 30, 2016, Plaintiff filed its motion for default judgment. Plaintiff seeks statutory damages in the amount of at least $5,000. On July 5, 2016, the Court appointed pro bono counsel to assist Defendant in responding to Plaintiff's motion. After seeking extensions of time to respond to the pro bono counsel appointment, on September 20, 2016, appointed pro bono counsel requested that the appointment be terminated because counsel was unable to contact Defendant.

## DISCUSSION

To establish a claim of copyright infringement, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1066-67 (9th Cir. 2013) (quotation marks omitted). The factual allegations of Plaintiff's Amended Complaint, which the Court accepts as true upon default, establish these elements. Accordingly, a judgment of default is appropriate in this case. *See Glacier Films (USA), Inc. v. Tenorio*, 2016 WL 3766465, at *2 (D. Or. June 22, 2016); *Voltage Pictures, LLC v. Martinez*, 2015 WL 4772856, at *2 (D. Or. Aug. 11, 2015).

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, in lieu of an award representing actual damages. 17 U.S.C. § 504(c)(1). If a court finds the infringement to be willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The court has broad discretion in setting the amount of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("If statutory damages are elected, the court has wide

PAGE 4 – OPINION AND ORDER

discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.") (quotation marks and alteration omitted).

Plaintiff concedes that the amount of economic damages suffered as a result of Defendant's infringing activity is highly speculative and incalculable. Thus Plaintiff seeks only statutory damages. Plaintiff argues that Defendant's conduct was willful and that because he has refused to participate in the legal process, statutory damages of $5,000 are warranted. The Court disagrees.

The Court has awarded statutory damages of greater than $750 under certain circumstances, such as a when a defendant expressly admits to the infringing behavior, is personally served with the lawsuit yet refuses to participate in the lawsuit, and Plaintiff provides evidence of ongoing infringing conduct. *See Automata Prods., Inc. v. Spicher*, 2016 WL 4621198 (D. Or. Sept. 6, 2016). Such facts are not present here. Although the Court deems the factual allegations of Plaintiff's Amended Complaint true because of Defendant's default, Defendant has never expressly admitted to being the person who downloaded Plaintiff's movies. Additionally, Defendant was not personally served with the Rule 45 subpoena or service of process. Although there is no evidence indicating that Defendant does not reside at the address to which service was mailed and left with an adult resident, the Court is reluctant to impose heightened statutory damages upon default when a defendant was not personally served.

Further, the Court agrees with the reasoning of U.S. Magistrate Judge Stacie Beckerman in *Glacier Films*. In her opinion dated June 22, 2016, Judge Beckerman declined to award statutory damages of $2,500 and instead awarded the minimum statutory damages of $750. *Glacier Films*, 2016 WL 3766465, at *3. Judge Beckerman explained:

> [C]ommon sense supports a conclusion that a $750 financial
> penalty for illegal downloading one movie is more than

PAGE 5 – OPINION AND ORDER

> sufficiently punitive to deter others from illegally downloading free movies on the BitTorrent network. With knowledge that it will now cost $750 to watch a single movie on the BitTorrent network, consumers should be motivated instead to spend a few dollars to rent the same move legally. This Court believes that the problem is not with the magnitude of the damages awarded, but the fact that the general public does not appear to be aware of the dozens of BitTorrent copyright infringement actions filed by Plaintiffs' counsel in this district alone. The Court declines Plaintiffs' invitation to punish Defendant with a statutory damages award higher than $750 because he chose not to defend against this copyright infringement action. The Court is not aware of the reasons why Defendant chose not to appear and present a defense in this case, but notes that some individuals may choose to default merely due to the cost of federal court litigation, not for any nefarious reason that would support the award of enhanced statutory damages. In sum, Plaintiffs have failed to present evidence to demonstrate that the infringing conduct in this action differs from the several other actions in which judges in this district have awarded the minimum statutory damages.

*Id.* (citations and footnote omitted) (alteration in original). The considerations noted by Judge Beckerman apply in this case and the Court similarly declines to award greater than the minimum statutory damages in this case.

Plaintiff also seeks injunctive relief preventing Defendant from future infringing activity against the *DBC Movie*. The Court agrees that this case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." § 502(a). The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." § 503(b). Accordingly, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on DBC's rights, including without limitation by using the internet to reproduce or copy the *DBC Movie*, to distribute the *DBC Movie*, or to make the *DBC Movie* available for distribution to the public except pursuant to a

PAGE 6 – OPINION AND ORDER

lawful license or with the express authority of DBC. The Court also orders Defendant to destroy all unauthorized copies of the *DBC Movie*.

## CONCLUSION

Plaintiff's motion for default judgment (ECF 44) is GRANTED IN PART. Defendant is ordered to (1) pay DBC statutory damages of $750; (2) cease all activities infringing on DBC's rights in the motion picture *Dallas Buyers Club*; and (3) destroy all unauthorized copies of *Dallas Buyers Club* in the possession of Defendant.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 7 – OPINION AND ORDER