UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, | Civ. No.: 3:15-cv-01042-AC (Lead Case) |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KLAYTON ANDERSON, | |
| Defendant. | |
| DALLAS BUYERS CLUB, LLC, | Civ. No.: 3:15-cv-01043-AC (Trailing Case) |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| KLAYTON ANDERSON, | |
| Defendant. | |

Page 1 – FINDINGS AND RECOMMENDATION            {SRI}

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Dallas Buyers Club, LLC ("Dallas"), filed two lawsuit against defendant Klayton Anderson ("Anderson") for copyright infringement under the Copyright Act. On September 29, 2016, the court entered a default judgment in favor of Dallas, awarded Dallas damages of $750.00 and ordered an injunction against Anderson. Dallas now seeks attorney fees of $3,108.30 and costs of $1,183.00.

The court finds the amount requested for attorney fees is reasonable and Dallas is entitled to recover the requested costs. Therefore, the court recommends granting in full Dallas's motion for attorney fees of $3,108.30 and in part Dallas's cost bill of $1,128.00.

*Background*

Dallas filed two separate complaints against Doe defendants on June 11, 2015. (Compl., *Dallas Buyers Club, LLC v. Doe-73.11.30.186*, No. 3:15-cv-1042-AC (D. Or. 2015); Compl., *Dallas Buyers Club, LLC v. Doe- 73.25.103.153*, No. 3:15-cv-1043-AC (D. Or. 2015)). From the date of filing through August 2015, Dallas engaged in discovery to determine the identity of the alleged infringers. On June 12, 2015, the court granted Dallas's *ex parte* motions to expedite discovery in each case to determine the identity of the account holder assigned the internet protocol ("IP") addresses used by the infringers. Comcast identified Klayton Anderson ("Anderson") as the subscriber associated with the IP addresses used to infringe Dallas's motion picture. On September 16, 2015, the court granted Dallas's motion for leave to issue a Rule 45 subpoena to Anderson for the deposition of a non-party.

/////

On September 21, 2015, the court granted Dallas's motion to consolidate the cases. Pursuant to Local Rule 42-4, the court directed the parties to file subsequent pleadings, motions, and other documents in the lead case only. After several unsuccessful attempts to make contact with Anderson, Dallas filed a motion to effectuate service of the Rule 45 subpoena via United States mail, which the court granted on December 3, 2015. On January 6, 2016, Dallas filed a motion to compel Anderson to respond to the Rule 45 subpoena, which the court granted on January 11, 2016. Again, Anderson failed to respond to Dallas's communication attempts.

On February 23, 2016, Dallas filed a first amended complaint naming Anderson as the defendant in both cases. Dallas then filed a motion for entry of default on May 2, 2016. On May 23, 2016, the court granted Dallas's motion for entry of default. Dallas filed a motion for default judgment on June 30, 2016. On July 5, 2016, the court ordered appointment of *pro bono* counsel for Anderson but eventually ordered the appointed counsel terminated because Anderson failed to respond to appointed counsel's efforts to contact him. On September 29, 2016, the court granted Dallas's motion for default judgment in part and ordered Anderson to pay statutory damages of $750, cease all activities infringing on Dallas's rights in the motion picture, and destroy all unauthorized copies of Dallas's motion picture in Anderson's possession. Dallas now seeks attorney fees of $3,108.30 and costs of $1,183.00.

The court finds the amount requested for attorney fees is reasonable and Dallas is entitled to recover the requested costs. Therefore, the court recommends granting both Dallas's motion for attorney fees of $3,108.30 and Dallas's cost bill of $1,128.00.

/////

/////

*Legal Standard*

I.  Attorney Fees.

The Copyright Act provides for an award of reasonable attorney fees and costs to a prevailing party in an action for copyright infringement. 17 U.S.C. § 505 (2016). Awarding fees under this provision is a matter of the court's discretion, but it is to be applied in an evenhanded manner; "[p]revailing plaintiffs and prevailing defendants are to be treated alike . . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In determining whether fees should be awarded, courts consider the following non-exclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (1986)); *See also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). The Ninth Circuit also considers the degree of success obtained in determining whether attorney fees are recoverable and, if so, the amount of such fees. *Wall Data Inc. v. Los Angeles Cty. Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2007).

In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must then decide whether to enhance or reduce the figure by evaluating the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) not already considered in the calculation of the lodestar figure. The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70. The court need only address applicable factors. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983) (citations omitted).

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). The district court has "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada Cty.*, 195 F.3d 524, 525 (9th Cir. 1999). (citation omitted).

II.  Costs.

Under Rule 54(d) of the Federal Rules of Civil Procedure: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d) (2016). Under Local Rule 54, a party seeking costs in this district must provide a "detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation." LR 54-1(a)(1) (2016).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (citations omitted). "By its terms, the rule creates a presumption in favor of

awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Sevs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). The district court must give specific reasons for rejecting claimed costs. *Id.* (citation omitted).

> The United States Code identifies six categories of recoverable costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2016). A court may not award costs beyond the scope of those authorized by section 1920. *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *3 (D. Or. Jan. 8, 2009) (citations omitted). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Id.* (citation omitted). Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected to it." *Old*

*West Fed. Credit Union v. Skillman*, No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)).

*Discussion*

I.  Attorney Fees.

  *A. Entitlement to Fees.*

  Dallas alleges Anderson copied and published Dallas's motion picture via a BitTorrent client. Dallas further alleges Anderson willfully infringed on its exclusive rights under the Copyright Act and argues if Anderson is not enjoined from future infringing activity, he will continue to cause Dallas harm. The court entered a default judgment awarding Dallas statutory damages and injunctive relief. Applying the *Fogerty* factors, the court concludes Dallas should be awarded reasonable attorney fees. Dallas was successful in obtaining the results sought. The action was not frivolous, was motivated by Dallas's desire to protect its copyright interests, and reasonably sought to recover compensation for, and deter future, copyright infringement. The relevant *Fogerty* factors justify an award of attorney fees in this case.

  *B. Reasonable Hourly Rate.*

  The court determines a reasonable hourly rate by looking to the "prevailing market rate in the relevant community," as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The court uses

the periodic Economic Survey conducted by the Oregon State Bar to determine the prevailing rate in Oregon. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Drew Taylor ("Taylor"), Dallas's primary legal counsel, seeks $175.00 per hour for time spent on Dallas's claim. Taylor was admitted to the Oregon State Bar in 2013 and has been a practicing attorney since then. The Oregon State Bar 2012 Economic Survey reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $284.00, while the average for similar attorneys practicing in the Upper Willamette Valley, which includes Salem, Oregon (where Taylor is based), is $218.00. However, a Portland attorney with three years of experience or less bills at an average of $182.00 per hour, while an Upper Willamette Valley attorney with three years of experience or less bills at an average of $150.00. Moreover, a Portland attorney specializing in business or corporate litigation, comparable to Taylor, bills at an average of $311.00 per hour. No statistical model exists for Upper Willamette Valley attorneys specializing in similar litigation.

The court finds the hourly billing rate of $175.00 requested for Taylor's services is reasonable in light of Taylor's experience, the billing rates of comparable attorneys in the Portland area, and because Taylor litigated this action in Portland, Oregon. This conclusion is consistent with those of Judge Aiken and Judge Simon, both of whom also awarded Taylor attorney fees at an hourly rate of $175.00. *See Survivor Productions, Inc., v. Owens*, No. 3:15-CV-01596-AA, Order dated July 6, 2016; *Glacier Films (USA), Inc. v. Gallatin*, No. 3:15CV-01632-SB, Order dated July 5, 2016.

Carl Crowell ("Crowell"), secondary legal counsel for Dallas in the action against Anderson, seeks $312 per hour for time spent on Dallas's claim. Crowell was admitted to the Oregon State Bar in 1998, has been a practicing attorney since then, and is admitted to practice before numerous

courts, as well as the United States Patent and Trademark Office as a patent attorney. A Portland attorney with thirteen-to-fifteen years of experience bills at an average of $312.00 per hour. Crowell is based in the Upper Willamette Valley, where an attorney with similar experience bills at an average of $247.00 per hour.

Crowell demonstrated expertise in this area of copyright infringement and litigated this action in Portland, Oregon. Thus, the court finds the hourly billing rate of $312.00 requested for Crowell's services is reasonable in light of his expertise, experience, and the billing rates of comparable attorneys in the Portland area. This conclusion is consistent with those of Judge Aiken and Judge Mosman, both of whom also awarded Crowell attorney fees at an hourly rate of $312.00. *See Voltage Pictures, LLC v. Smith*, No. 6:14-CV-01197-AA, Order dated February 18, 2015; *Voltage Pictures, LLC v. Lange*, No. 6:14-CV-01244-AC, Default Judgment dated March 4, 2015.

*C. Hours Reasonably Expended.*

The party seeking the award of attorney fees must submit evidence to support the number of hours worked. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly. *See, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. March 6, 2007). "A district court should exclude from the lodestar amounts that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Reasonable time spent preparing a fee petition is generally recoverable. *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Taylor represents he spent 11.7 hours of work on this matter. A major portion of Taylor's time was spent preparing pleadings and motions, as well as drafting and sending letters in an attempt to contact Anderson. The court finds the time expended by Taylor litigating the action is reasonable.

Crowell represents he spent 3.4 hours of work on this matter. He reviewed, drafted, and filed motions and the complaint. The court finds the time expended by Crowell litigating this action is reasonable.

*D. Conclusion.*

This court finds Dallas is entitled to attorney fees in this matter. The hourly rates presented by Taylor and Crowell are reasonable. The evidence submitted by Dallas sufficiently supports the number of hours worked on the matter, and the total hours are reasonable. Moreover, to the extent Dallas seeks attorney fees for time spent on the trailing case, Dallas does not seek attorney fees for time spent on the trailing case after consolidation of the cases. Accordingly, Dallas should be awarded the full claim of $3,108.30.

II.  Bill of Costs.

Dallas seeks reimbursement of the initial filing fees in the amount of $800.00, which represents a $400 filing fee for each case. The court finds these costs are reasonable and recoverable.

Dallas incurred $118.00 in service fees. Specifically, Dallas incurred a cost of $55.00 for the unsuccessful service of an unspecified document, and the court ascertains from the invoice Dallas provided paperwork to the process server but failed to provide instructions to the process server regarding the paperwork. (Pl.'s Bill of Costs Ex. 1, at 5, ECF No. 57.) Thus, the court finds the costs of $55.00 service fee is unreasonable and not recoverable. Dallas also incurred a cost of $63.00

for the successful service presumably of the summons and first amended complaint. The court finds the cost of the $63.00 service fee is reasonable and recoverable.

Dallas also seeks recovery of $140.00 paid to Comcast for subpoenaed records. The court finds these costs to be reasonable and recoverable.

Dallas also seeks recovery of $125.00 in court reporting services for two attempted Rule 45 depositions. Under 28 U.S.C. 1920(3), witness fees may be recovered by a prevailing party. Although the depositions never actually occurred, Dallas included receipts from the court reporting service, which shows Dallas actually incurred the claimed reporting costs. Thus, the court finds the court reporting service fees are reasonable and recoverable.

*Conclusion*

Dallas's motion for attorney fees[1] should be GRANTED and Dallas should be awarded attorney fees in the amount of $3,108.30. Dallas's cost bill[2] should be GRANTED in part and Dallas should be awarded $1,128.00 in costs.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due within fourteen (14) days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

---

[1] Pl.'s M. for Atty. Fees and Costs, Dallas Buyers Club, LLC v. Anderson, No. 3:15-cv-1042-AC, ECF No. 58; Pl.'s M. for Atty. Fees and Costs, Dallas Buyers Club, LLC v. Anderson, No. 3:15-cv-1043-AC, ECF No. 55.

[2] Pl.'s Bill of Costs, Dallas Buyers Club, LLC v. Anderson, No. 3:15-cv-1042-AC, ECF No. 57; Pl.'s Bill of Costs, Dallas Buyers Club, LLC v. Anderson, No. 3:15-cv-1043-AC, ECF No. 54.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 30th day of November, 2016.

JOHN V. ACOSTA
United States Magistrate Judge

Page 12 – FINDINGS AND RECOMMENDATION                              {SRI}